IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LISA M. MESSER                                                                                          PLAINTIFF

vs.                                         Civil No. 1:07-cv-1065

MICHAEL J. ASTRUE                                                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Lisa M. Messer ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff previously filed an application for SSI on November 7, 2001. This application was denied initially and at reconsideration. (Tr. 13). After a hearing, the ALJ issued an unfavorable decision on June 17, 2003. A request for review was denied by the Appeals Council on July 25, 2003. (Tr. 13). The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

District of Arkansas entered a Judgment affirming this decision on July 29, 2004. *See Jeter v. Social Security Administration,* Civil No. 1:03-cv-01136, Doc. No. 10 (W.D. Ark. July 29, 2004).

Plaintiff filed her current application for SSI on October 24, 2003. (Tr. 62). In this application and in the supporting documents filed with the SSA, Plaintiff alleged she was disabled due to blindness in left eye, poor vison in right eye, pleurisy, and headaches. (Tr. 45, 72). Plaintiff alleged an onset date of March 1, 2000. (Tr. 66). These applications were initially denied on January 14, 2004 and were denied again on reconsideration on May 21, 2004. (Tr. 43-46).

On June 7, 2004, Plaintiff requested an administrative hearing on her application. (Tr. 55-56). The hearing was held on May 12, 2005 in Little Rock, Arkansas. (Tr. 231-251). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Vocational Expert ("VE")William Elmore also testified at this hearing. *See id.*

On August 20, 2005, the ALJ entered a favorable decision for Plaintiff. (Tr. 135-141). However, following this, the Appeals Council reopened the ALJ's decision and remanded the case to the ALJ for a function by function assessment of the Plaintiff's ability to do work and to allow the ALJ to supplement the medical record. (Tr. 150-152). A second administrative hearing was held on May 1, 2006. (Tr. 252-293). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Vocational Expert ("VE") Dr. Tyra Watts also testified. *See id.* On October 3, 2006, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 13-25).

In this decision, the ALJ determined Plaintiff did not meet the insured status requirements of the Act. (Tr. 22, Finding 2). The ALJ determined Plaintiff had not engaged in Substantial Gainful

Activity ("SGA") since October 17, 2003, her alleged onset date. (Tr. 23, Finding 3). The ALJ determined Plaintiff had the following severe impairments: blindness in left eye, reduced vision in right eye, headaches with no neurological deficits, and mental conditions of obsessive compulsive disorder with depression and social phobia. (Tr. 23, Finding 4). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 23, Finding 5).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 23-24, Findings 6, 7). The ALJ evaluated Plaintiff's subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 18-20). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other symptoms, based upon several findings, including the following: (1) there was no indication Plaintiff has sought aggressive medical treatment; (2) "when last seen on April 5, 2006" the Plaintiff reported having "no pain"; (3) her daily activities have not been more than minimally limited; (4) her mental symptoms have been adequately controlled by medication; (5) there was no indication Plaintiff has been prescribed strong pain medicine. (Tr. 18-21).

After discounting Plaintiff's subjective complaints, the ALJ the reviewed all the medical evidence and the hearing testimony and determined Plaintiff's RFC. (Tr. 21-22, Finding 7). Specifically, the ALJ determined Plaintiff retained the RFC for a wide range of unskilled medium work. The ALJ specifically found:

> She [Plaintiff] can occasionally lift and /or carry up to 50 pounds and can frequently lift and/or carry up to 25 pounds. She has no restrictions in sitting, standing or walk,

3

and therefore is capable of sitting, with normal breaks, for a total of at least 6 hours in an 8-hour workday, and is also further capable of standing and/or walking, with normal breaks, for a total of at least 6 hours in an 8-hour workday. Due to her visual impairment, she cannot perform work where fine vision is required and cannot work around heights or moving machinery, and also has some postural limitations in the areas of being never able to balance and being able to only occasionally climb and not be able to climb ladders or scaffolds. She also has the mental ability to perform work where interpersonal contact is superficial and incidental to the work performed; complexity of tasks is learned and performed by rote; there are few variables and little judgment is required; and supervision is simple, direct and concrete.

(Tr. 23, Finding 7). *See* 20 C.F.R. § 416.967(a).

The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 21-22, Finding 12). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 263-272, 287-292). The VE testified that a hypothetical person with Plaintiff's RFC could not return to Plaintiff's PRW. (Tr. 287-292 ).

However, the VE then testified a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 287-292). For example, the VE testified such a hypothetical person could perform work as a hand packer (medium, unskilled work) (12,000 such jobs in the State of Arkansas and 1,000,000 in the nation), kitchen helper (medium, unskilled work) (4,000 such jobs in the State of Arkansas and 300,000 in the nation), garment bagger (light, unskilled work) (9,000 such jobs in the State of Arkansas and 1,200,000 in the nation) and hand filler (light, unskilled work) (10,900 such jobs in the State of Arkansas and 1,000,000 in the nation). (Tr. 24, finding 12). The ALJ went on to find Plaintiff was not under a disability from her alleged onset date through the date of the decision. (Tr. 24, Finding 14).

On October 5, 2006, Plaintiff requested that the Appeals Council review the ALJ's

unfavorable decision. (Tr. 10). *See* 20 C.F.R. § 404.984(b)(2). The Appeals Council declined to review the decision of the ALJ. On July 27, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on August 9, 2007. (Doc. No. 4). The case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

5

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding her not disabled. She claims the ALJ erred by not finding Plaintiff has an impairment, or a combination of impairments, equal to one listed in 20 C.F.R. §404.1501, *et seq*., Appendix 1; and the ALJ asked an improper hypothetical question to the VE. The Defendant argues Plaintiff's impairments do not meet or equal an impairment of listing level severity, and the ALJ obtained proper VE testimony.

## A. ALJ's Evaluation of the Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included blindness in left eye, reduced vision in right eye, headaches with no neurological deficits, and mental conditions of obsessive compulsive disorder with depression and social phobia (Tr. 23). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues she meets or equals Listing 12.06 Anxiety-Related Disorders. The required level of severity for these disorders is met when the requirements in both sections A and B are satisfied, or when the requirements in both sections A and C are satisfied. The requirements are as follows:

> A. Medically documented findings of at least one of the following:
>    1. Generalized persistent anxiety accompanied by three out of four of
>       the following signs or symptoms:
>          a. Motor tension; or
>          b. Autonomic hyperactivity; or
>          c. Apprehensive expectation; or

    d. Vigilance and scanning; or

   2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or

   3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week; or

   4. Recurrent obsessions or compulsions which are a source of marked distress; or

   5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress; and

  B. Resulting in at least two of the following:

   1. Marked restriction of activities of daily living; or

   2. Marked difficulties in maintaining social functioning; or

   3. Marked difficulties in maintaining concentration, persistence, or pace; or

   4. Repeated episodes of decompensation, each of extended duration, or

  C. Resulting in complete inability to function independently outside the area of one's home.

  Plaintiff was treated at South Arkansas Regional Health Center from January 30, 2004, through April 5, 2006, for diagnoses of obsessive compulsive disorder, psychotic disorder, and social phobia. (Tr. 176-213). Plaintiff indicated the prescribed medication had been helpful and she was much less anxious and her obsessive-compulsive traits had decreased in intensity. (Tr. 17). When seen on July 20, 2005, Plaintiff indicated she was doing well. (Tr. 210). The record indicates Plaintiff and her boyfriend recently bought a houseboat and spent the previous week on the houseboat on the Ouachita River. (Tr. 210). Plaintiff was also seen on November 23, 2005, at which time Plaintiff denied paranoia, hallucinations, and suicidal/homicidal ideation. (Tr. 205). The record

8

also indicates Plaintiff enjoyed activities and had appropriate energy levels. (Tr. 205). Plaintiff was last seen on April 5, 2006. She indicated she was doing well and denied any sleep or appetite disturbance. She reported no side effects from her medication.

Dr. Charles Spellman performed a consultative psychological evaluation of Plaintiff on February 23, 2006. (Tr. 214-219). Dr. Spellman indicated Plaintiff was pleasant and relaxed throughout the testing and interview, displaying a sense of humor with thought processes logical and well organized. Dr. Spellman found Plaintiff's communication was good in all areas. (Tr. 216). Dr. Spellman noted that Plaintiff "was quite sociable today." (Tr. 216). Plaintiff showed no evidence of unusual passivity, dependency, aggression, impulsiveness, or withdrawal. (Tr. 216). Dr. Spellman found Plaintiff's adaptive behavior skills appeared to be adequate and he did not identify two or more areas with significant limitations in adaptive functioning. (Tr. 217). Dr. Spellman indicated Plaintiff was of low average intelligence with functional academic skills and demonstrated good social skills in the testing environment. (Tr. 218).

Substantial evidence does not support a finding that Plaintiff meets or equals Listing 12.06 Anxiety-Related Disorders. There is no medical evidence that suggests Plaintiff has a complete inability to function independently outside the area of her home, as required by section C. Further, Plaintiff has shown no marked restrictions in her daily activities, social functioning, or maintaining concentration, persistence or pace, as set out in section B.

### **B. Hypothetical Question**

Plaintiff argues the hypothetical question posed by the ALJ to the VE failed to include all of Plaintiff's impairments and as such, was an improper hypothetical. The Defendant asserts the ALJ's hypothetical question was proper and included all credible impairments found by the ALJ to be

supported by the record.

It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established that the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to carry up to 50 pounds occasionally and 25 pounds frequently; an ability to sit, stand, or walk for six hours out of an eight hour workday with normal breaks. Due to Plaintiff's visual impairment, the ALJ found Plaintiff would be unable to perform work requiring fine vision and could not work around heights or moving machinery; would also not be able to balance, and only occasionally climb with no climbing ladders or scaffolds. The ALJ also limited it to a job where interpersonal contact is superficial and incidental to the work performed, complexity of tasks is learned and performed by rote with few variables and little judgment required; and required supervision would be simple, direct and concrete. (Tr. 23, Finding No. 7).

In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 290). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 24). Relying on the VE testimony, the ALJ found that claimant was not under a disability as defined by the Act. (Tr. 24).

I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th

Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and local economy for the vocational profile. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **25th day of August, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE